# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

DAVID ALLEN HAWKINS,

    Petitioner,

v.

ELDON VAIL,

    Respondent.

CASE NO. C09-5434RBL

REPORT AND RECOMMENDATION

Noted for September 25, 2009

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Petitioner in this case is an inmate at the Washington Correction Center in Monroe, Washington. Petitioner has filed two applications to proceed in forma pauperis. (Docs. 3 & 5) However, because petitioner has also paid the $5.00 filing fee, the Court should deny the application.

## DISCUSSION

The district court may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigency. See 28 U.S.C. § 1915(a). The court has broad

discretion in denying an application to proceed in forma pauperis. Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

Several district courts have ruled that denial of in forma pauperis status is not unreasonable when a prisoner is able to pay the initial expenses required to commence a lawsuit. *See* Temple v. Ellerthorpe, 586 F.Supp. 848 (D.R.I. 1984); Braden v. Estelle, 428 F.Supp. 595 (S.D.Tex. 1977); U.S. ex rel. Irons v. Com. of Pa., 407 F.Supp. 746 (M.D.Pa. 1976); Shimabuku v. Britton, 357 F.Supp. 825 (D.Kan. 1973), *aff'd*, 503 F.2d 38 (10th Cir. 1974); Ward v. Werner, 61 F.R.D. 639 (M.D.Pa. 1974).

By requesting the court to proceed in forma pauperis in the present case, petitioner is asking the government to incur the filing fee because he is allegedly unable to afford the costs necessary to proceed with his petition for habeas corpus. In contrast to the claim that petitioner cannot afford the filing fee, on July 21, 2009, the court clerk received the required fees from petitioner and issued him a receipt. Given the minimal fees required to proceed with this action ($5.00 filing fee) and the fact that petitioner paid the filing fee, it is reasonable to deny petitioner's application for in forma pauperis status.

**CONCLUSION**

Because it is reasonable to expect petitioner, given his financial status, to incur the costs to proceed with his petition, I recommend that the Court deny his pending applications for in forma pauperis status.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the

REPORT AND
RECOMMENDATION - 2

1  time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on

2  September 25, 2009, as noted in the caption.

3      Dated this 31st day of August, 2009.

/s/ J. Richard Creatura
J. Richard Creatura
United States Magistrate Judge

REPORT AND
RECOMMENDATION - 3